UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
BEEKLEY CORPORATION,           :
                               :
     Plaintiff,                :
                               :
v.                             :    Civ. No. 3:06CV00336(AWT)
                               :
THE ST. JOHN COMPANIES, INC.,  :
                               :
     Defendant.                :
                               :
-------------------------------x
```

**ORDER RE PLAINTIFF'S MOTION TO DISMISS**
**FIRST AND SECOND COUNTERCLAIMS FOR INVALIDITY**

Plaintiff Beekley Corporation moves to dismiss the first two counterclaims filed by defendant The St. John Companies, Inc. as those counterclaims relate to the defendant's request for a declaratory judgment of invalidity of U.S. Patent No. 6,985,558 and U.S. Reissue Patent No. 36,461.  See Answer, Affirmative Defenses and Counterclaim of Defendant The St. John Companies, Inc. (Doc. No. 12) at 7-8.  The First Claim for Relief alleges that "[t]he '558 patent is invalid because, inter alia, it fails to comply with 35 U.S.C. §§ 101, 102, 103 and 112."  Id. at 7.  The Second Claim for Relief alleges "[t]he '461 patent is invalid because, inter alia, it fails to comply with 35 U.S.C. §§ 101, 102, 103, and 112.  Id. at 8.

The defendant fails to make factual allegations with respect to either of these claims for relief that give the plaintiff fair notice of the grounds on which the counterclaim rests.  The

defendant's allegations are insufficient because "[e]ffective notice pleading should provide the [opposing party] with a basis for assessing the initial strength of the [] claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer." Qarbon.com Incorporated v. eHelp Corporation, 315 F.Supp.2d 1046, 1051 (N.D. Cal. 2004) (citation omitted). Similarly, in Sprint Communications Company, L.P. v. Theglobe.com, Inc., et al., the court held that an affirmative defense and counterclaim were too vague where the affirmative defense stated that the defendant "is informed and believes that [the patents], and each of the . . . claims thereof, are invalid, void, and/or unenforceable under one or more of the sections of Title 35 of the United States Code." 233 F.R.D. 615, 618 (D. Kan. 2006). The court explained that Title 35 contains 112 sections and "[i]t is unreasonable to make [plaintiff] guess which of these sections [defendant] is relying upon to contend that [plaintiff's] patent claims are unenforceable." Id. See also Advanced Cardiovascular Systems Inc. v. Medtronic Inc., No. C-96-0942 DLJ, 1996 WL 467273, at *1773 (N.D. Cal. July 24, 1996) (striking affirmative defense alleging that patent is invalid, void, and unenforceable due to noncompliance with sections including, but not limited to, 101, 102, 103, and/or 112 of Title 35 because as these sections "provide numerous grounds for

finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give [plaintiff] fair notice of the claims being asserted"); <u>PB Farradyne, Inc. v. Thomas D. Peterson, et al.</u>, No. C 05-03447 SI, 2006 WL 132182, at *3 (N.D. Cal. Jan. 17, 2006) (granting motion to dismiss claim with leave to amend where complaint alleged that patents were invalid for noncompliance with "one or more of the requirements of Title 35, United States Code, including the requirements of sections 102, 103, 112 and/or other applicable statutes" because "such general, conclusory allegations are insufficient because they do not provide fair notice of plaintiff's claims").

While the two counterclaims insofar as they relate to the request for a judgment of invalidity of the two patents do not adequately plead a request for a declaratory judgment of invalidity, the defendant should be given leave to amend its counterclaims.  <u>See</u> Fed. R. Civ. P. 15(a) (leave to amend pleadings "shall be freely given when justice so requires"); <u>Kaster v. Modification Systems, Inc.</u>, 731 F.2d 1014, 1018 (2d Cir. 1984) (interpreting Rule 15 to mean that leave to amend should be allowed "[a]s long as appellants have at least colorable grounds for relief") (citation omitted).

Accordingly, Beekley Corporation's Motion to Dismiss First and Second Counterclaims for Invalidity Asserted by Defendant The

St. John Companies, Inc. (Doc. No. 21) is hereby GRANTED, with the defendant being given leave to amend within thirty days.

It is so ordered.

Dated this 24th day of October 2006 at Hartford, Connecticut.

>                     /s/AWT
>            Alvin W. Thompson
>         United States District Judge